Archibald C. Wemple, J.
Plaintiff is a judgment creditor of Harold L. Shambach, judgment debtor, arising out of a judgment rendered in a matrimonial action between the said plaintiff and Harold L. Shambach, defendant. Following the procedure outlined in said section 687-a of the Civil Practice Act, an execution for $2,017 was issued to the Sheriff of the County of Schenectady and the levy served upon the G-eneral Electric Company on June 24, 1957. According to the plaintiff, the execution bore a statement making a specific levy upon the “ debt due or to become due ” for wages or salary under said Shambach’s contract of employment.
The plaintiff, in her moving papers, alleges that the G-eneral Electric Company refused to comply with the execution and levy impounding wages earned by the debtor employee. Until December 31, 1957 the said debtor received his monthly salary as it accrued. Plaintiff now seeks permission to start an action to recover approximately $1,000 or such additional amount as should have been withheld under the levy in question.
On or about July 24, 1957 the judgment debtor obtained from the Supreme Court an order staying the execution, and again on December 24, 1957 he obtained a similar stay. However, the plaintiff contends that the execution and levy upon all the wages *76 of the debtor were in force and effect for at least a total of 34 days during the year 1957. Plaintiff also contends that the 120-day time limit for the levy provided by section 687-a was tolled by the stays referred to herein. It is noteworthy to mention that the Supreme Court order of December 19, 1957 vacating the stay of July 24, 1957 made particular reference to the levy in question and directed ‘‘ said company to impound and pay over to the Sheriff of Schenectady County * * * moneys as they become due said Harold Shambach under his contract of employment.”
The question squarely before this court on this application is whether the execution and levy did reach the earnings of the debtor as they accrued for any period subsequent to the date of the levy on June 24, 1957.
It is undisputed that the debtor was employed by the General Electric Company as an engineer on a monthly payment arrangement at the time the levy was made and until December 31, 1957 when he voluntarily terminated his employment. According to the payroll records submitted and not disputed, the said debtor received gross monthly salary averaging about $900 per month, less the usual deductions. None of the earnings were impounded or paid over to the Sheriff. The judgment debtor was not made a party to this proceeding:
The General Electric Company claims in its argument on this application that the plaintiff herein has failed to comply with section 687-a since this action was commenced more than 120 days after the date of the levy. It cites subdivision 7 of section 687-a and argues that the levy is void since there was no extension of the time limit obtained by court order. It is apparent that the Supreme Court orders staying the execution did in fact suspend or toll the operation of the execution during the periods of stay. It follows that this application in the form of an order to show cause dated January 15, 1958 is timely, since it is within 120 days measured from the date of levy allowing for the time periods during which stay orders were in effect.
The General Electric Company points out that section 687-a excludes from seizure earnings for the period of 60 days before the levy. The section, however, is silent on the question of the effect of the levy upon wages earned and accruing after the filing of the execution and levy. True, the levy expires 120 days unless extended. This makes for a limited levy in any event. But the mention of the excluded 60-day period as to earnings does not ipso facto authorize a seizure of future earn *77 ings. Section 684 of the Civil Practice Act does, in no uncertain terms, provide for a levy and a continuing levy upon wages and income of a judgment debtor.
Let us examine the facts of the case herein. The court is, of course, limited to the information supplied in the moving-affidavit, exhibits, memoranda and briefs of counsel. The debtor, on June 24, 1957, the date of the levy, had accumulated earnings from June 1, which were admittedly exempt under section 687-a. Shambach, as an employee, was not then entitled to demand or receive ■ — nor indeed was his employer obligated to pay any salary under his employment contract for any period beyond June 24, 1957. His rights to compensation were conditional upon his performance of services. This is axiomatic in most employment ventures. And so, the question raised here is whether the levy attached to the salary payments after June 24, 1957 as they were earned and as they became due to the employee. Quotations from section 687-a refer to “ debt due or certain to become due,” — ' ‘cause of action matured or certain to mature,” — “any debt or cause of action which is to become due or mature absolutely ’ ’ under contract. The frame of reference throughout section 687-a is aimed at debts or causes fixed, positive and definite in time and scope which were owed to or were the rights possessed by the debtor therein at the time of the levy. Indeed, the language of subdivision 6 of section 687-a clearly and unmistakably provides for steps to obtain permission to sue “upon a debt” where there is satisfactory proof “ that the person on whom execution was levied is liable or indebted * * * at the
time of the levy ’ This court cannot interpret expected and unearned salary or wages as coming within the definition of a ‘ ‘ debt due under a contract or certain to become due ’ ’ thereunder. As stated above, the right to compensation ripens into a fixed obligation of the employer and a property right of the employee under the contract when and only when the employee has performed his services. Since future earnings were not debts due or certain to become due “ at the time of the levy,” this court finds that the levy did not reach any of the earnings of the debtor after June 24, 1957. This finding is supported by Legislative Document 1952, No. 65-L (1952 Report N. Y. Law Rev. Comm., pp. 355-448), which led to the enactment of section 687-a of the Civil Practice Act. In this recommendation and study relating to the levy of execution against a debt made by the Law Revision Commission to the Legislature in 1952, the garnishee execution under section 684 is recognized as a limited *78 method for levying upon earnings. The commission points out that this remedy is subject to certain conditions such as return of a property execution unsatisfied, wages earned over a certain amount, and a court order directing that execution issue. Once in operation, the levy is a continuing one but only to the extent of 10% and with only one execution in force at any time. The commission states: ‘ ‘ The garnishee statute is primarily designed to facilitate the collection of judgments out of salary or earnings of a debtor in a fair manner, and unquestionably applies to debts owing for services or in the nature of income.” (P. 376.)
Reference is also made to section 793 of the Civil Practice Act, which clothes the court with discretionary power to order the judgment debtor to pay on the judgment, installment payments in addition to the garnishee execution levy of 10%. These sections of the Civil Practice Act, section 684 and section 793, together with supplementary proceedings, provide, it would seem, specific and limited remedies to a judgment creditor in seizing under levy the accruing earnings of a judgment debtor under his contract of employment. To permit, as sought herein, under section 687-a, seizure of all wages, even for a limited period of 120 days, would have a detrimental effect on the morale of all employees and would be repugnant to public policy. This court finds that enactment of section 687-a was not intended to supplant all the protection, safeguards and limitations of section 684.
It is to be noted from the payroll record that the General Electric Company paid the debtor the sum of $457.60 in January, 1958 following his termination of employment on December 31, 1957. The court is not in a position at this time to pass upon the question of whether the levy reached this payment. There may be other items which were due the debtor at the time of the levy on June 24, 1957, such as stock bonus rights, supplemental compensation or other accrued claims to which the levy may have in fact reached.
The facts presented justify an order directing the General Electric Company to furnish the judgment creditor and the court with a verified financial statement covering all payments made by it to Harold L. Shambach under his contract of employment during the year of 1957 and to date during the year 1958. The information should be in sufficient detail to identify obligations as they accrued and fix when they became due and payable. This information is necessary so that the court can determine upon “ satisfactory proof ” whether there *79 actually were any funds in the hands of the employer which should have been applied toward the satisfaction of the judgment under the levy in question. Such statement is to be supplied within 10 days after service of an order to that effect.
Decision on plaintiff’s application for leave to sue is reserved. If granted, it will be within the limitations outlined in this decision.
Submit order accordingly.