HAZEL SHAMBACH, Appellant, v. GENERAL ELECTRIC COMPANY, Respondent.

Third Department, July 31, 1958.

Richard D. Moot for appellant.

Emil Peters and David W. Hart for respondent.

REYNOLDS, J. This appeal presents the narrow and novel question of whether or not the provisions of section 687-a of the Civil Practice Act, " Levy upon and collection of debts and

causes of action arising out of contract," permit an execution against earnings or income of the judgment debtor. The court below (10 Misc 2d 74) has held that section 687-a does not encompass an execution against the earnings involved here. The full report of the facts in that opinion makes it unnecessary. to repeat them in detail here. Suffice it to say that a judgment creditor, plaintiff herein, has sought to levy under section 687-a of the Civil Practice Act against the salary of an employee of the defendant, and has been refused by the said defendant. The appeal is from an order denying plaintiff's motion for leave to sue under subdivision 6 of section 687-a.

In the pattern which the Civil Practice Act presents with regard to executions after judgment, section 687-a was enacted in 1952 to fill a gap which an ordinary execution against property, up until that time, failed to cover (see 1952 Report of N. Y. Law Rev. Comm., p. 371 *et seq.*). An execution against wages and salary was not, it would seem, one of the gaps which section 687-a was designed to cover. For a great many years the Civil Practice Act, by virtue of section 684, has allowed a levy upon earnings or income of the judgment debtor (commonly known as a garnishee execution). A judgment creditor becomes eligible for a garnishee execution *after* an ordinary execution against property (of which section 687-a is a part) has been returned unsatisfied, and then only if the debtor earns a certain minimum amount, and a court order is obtained authorizing the garnishee. It is limited to 10% of the earnings and only one such execution can be in force at a time. If a judgment creditor wishes to reach more of the debtor's earnings than allowed by section 684, it becomes necessary to go through proceedings supplementary to judgment and obtain an order for installment payments under section 793 of the Civil Practice Act. An order under section 793 is not, however, in the nature of a garnishee execution, but an order directed at the judgment debtor himself. In any event, the methods of getting at a judgment debtor's wages and the conditions and safeguards attached thereto, were firmly established at the time of the enactment of section 687-a, and it is not felt that the Legislature intended to alter or expedite, through the use of this section, any of the means of levying thereon. If appellant's contentions are true, i.e., if it were possible to levy against wages and salary under section 687-a, then it would be possible, without any prior showing of an unsatisfied execution against property, to take a judgment debtor's *entire* earnings for a period of at least 120 days. To have this result reached on a process of the court. signed by the attorney for the judg-

ment creditor, which issues of course at any time within five years after the entry of judgment (Civ. Prac. Act, §§ 635, 650), demonstrates conclusively the weakness of the appellant's position.

Admittedly, the language of section 687-a does not make it clear that an execution in the nature of a garnishee execution is to be excluded from its coverage (see Prashker on New York Practice [3d ed.], p. 802). There is only one reference to earnings in the entire section, that being in subdivision 8, wherein it is stated that the section does not authorize the seizure of " earnings of the judgment debtor for his personal services rendered within sixty days next before the levy of execution ". But the presence of this statement in an exclusionary fashion does not indicate that earnings accruing *after* the levy are to be subject thereto. Rather, it is an attempt on the part of the Legislature to fully exclude earnings which might be thought of as a " debt due or certain to become due," a " cause of action matured or certain to mature," or a " debt or cause of action which is to become due or mature absolutely upon demand by the judgment debtor, arising under or on account of contract " (Civ. Prac. Act, § 687-a, subd. 1). As indicated by the court below, the property which section 687-a is designed to cover is in the nature of " debts or causes fixed, positive and definite in time and scope which were owed to or were the rights possessed by the debtor * * * *at the time of the levy* " (10 Misc 2d 74, 77, *supra*). Since salary payments subsequent to the time of the levy are contingent upon the services being performed by the employee, they are not debts or causes of action fixed and positive, or certain to become such, at the time of the levy. We hold that section 687-a of the Civil Practice Act was not intended to cover earnings of the type involved here.

The order should be affirmed.

BERGAN, J. P., GIBSON and HERLIHY, JJ., concur.

Order affirmed, without costs.